## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THOMAS BRENNAN,

      Plaintiff,

v.

DEPUTY BORTON, et al.,

      Defendants.

Case No. 4:25-cv-11064
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 10) DEEMING ECF No. 11 AS THE OPERATIVE COMPLAINT AND GRANTING PLAINTIFF'S MOTION TO SUBMIT EXHIBIT A (ECF No. 12)

Plaintiff filed the instant lawsuit in pro per on April 14, 2025, against Defendants Blissfield Police Chief Dale Greenleaf, Blissfield Police Officer Thomas Anton, and Lenawee County Sheriff's Deputy Borton, alleging constitutional violations arising out of an incident that occurred on April 10, 2025. (ECF No. 1.)  Judge Kumar referred this case to me on April 29, 2025 "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 7.)  On May 14, 2025, Plaintiff filed an amended complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) which allows a party to amend its pleading

once as a matter of course within 21 days after serving it.  The Amended

Complaint added as Defendants the Village of Blissfield, Lenawee County, and

Danielle Gross, the FOIA coordinator for Lenawee County.

Two days later Plaintiff filed a motion for leave to file a second amended

complaint (ECF No. 10), and a motion to submit a video exhibit to the Court (ECF

No. 12).

Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of

the proceedings only after obtaining leave of court.  The Rule provides that the

court should freely give leave for a party to amend its pleading "when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  In determining whether to grant the

amendment, the Court considers the factors set forth in *Foman v. Davis*, 371 U.S.

178, 182 (1962) – "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment,

futility of amendment, etc."  *See Carson v. U.S. Office of Special Counsel*, 633

F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th

Cir. 1995)).

Plaintiff states in his motion that he seeks to amend to add factual allegations

for clarity and accuracy, add defendants, assert additional constitutional violations,

and present the claims in a "count-by-count" format.  (ECF No. 10, PageID.75.)

His motion was accompanied with a proposed second amended complaint, which the Clerk of the Court filed on the docket as a separate docket entry.  (*See* ECF No. 11.)  Given that Plaintiff's motion was filed a mere days after his first amended complaint, and given further the relative infancy of this case, the Court will grant his motion and accept ECF No. 11 as the operative complaint.  However, having reviewed the second amended complaint, it does not appear that Plaintiff added any new Defendants, despite his representation to the contrary.  Instead, the second amended complaint appears to be quite similar to the first amended complaint, but with slight differences in organization and allegations.  In any event, Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  As such, the Court will **GRANTS** the motion to amend.  Because Plaintiff is proceeding *in forma pauperis*, and Defendants are not yet served, Plaintiff will need to provide updated copies of the Second Amended Complaint to the Clerk's Office for service. Additionally, Plaintiff has yet to complete the summons and return them to the Clerk's Office for Defendants Village of Blissfield, Lenawee County, and Danielle Gross, and he will need to submit those as well.

Also pending before the Court is a motion to submit Exhibit A to the Second Amended Complaint to the Court as a DVD or USB drive.  (ECF No. 12.)  Exhibit A consists of video evidence purportedly documenting part or all of the incident forming the basis of Plaintiff's allegations.  The Court agrees that Plaintiff should be allowed to submit the video evidence, in light of it being referenced repeatedly throughout the pleading.  Plaintiff's motion to submit Exhibit A (ECF No. 12) is therefore **GRANTED**.  Plaintiff shall deliver Exhibit A, in the form of a USB drive, to the Clerk of the Court forthwith.  Plaintiff is also responsible for providing copies of the USB for each of the six Defendants to the Clerk's Office.

For these reasons, as articulated above, Plaintiff's motion for leave to file a second amended complaint (ECF No. 10) is **GRANTED** and motion to submit a video exhibit to the Court (ECF No. 12) is **GRANTED**.  Within fourteen days of the date of this order, Plaintiff **SHALL** submit to the Clerk's office: (1) copies of the second amended complaint for each of the six Defendants; (2) summons forms for Defendants Village of Blissfield, Lenawee County, and Danielle Gross; (3) the USB drive of Exhibit A for the Court; and, (4) copies of the USB drive for each of the six Defendants, for the U.S. Marshal to serve with the copies of the second amended complaint.

**IT IS SO ORDERED.**[1]

Dated:  May 28, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).