UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BRENNAN,

      Plaintiff,

v.

DEPUTY BORTON, et al.,

      Defendants.

Case No. 4:25-cv-11064
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

_____/

**ORDER DENYING PENDING MOTIONS (ECF Nos. 23 & 30); DEEMING WITHDRAWN ANY FOIA CLAIMS; SETTING EARLY DISPOSITIVE MOTION DEADLINE; AND STAYING CASE PENDING RESOLUTION OF THE FORTHCOMING DISPOSITIVE MOTION(S)**

Plaintiff filed the instant lawsuit *in pro per* on April 14, 2025, against Defendants Blissfield Police Chief Dale Greenleaf, Blissfield Police Officer Thomas Anton, and Lenawee County Sheriff's Deputy Borton, alleging constitutional violations arising out of an incident that occurred on April 10, 2025. (ECF No. 1.)  Judge Kumar referred this case to me on April 29, 2025 "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 7.)  On May 14, 2025, Plaintiff filed an amended complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) which allows a party to amend its pleading

once as a matter of course within 21 days after serving it.  The Amended Complaint added as Defendants the Village of Blissfield, Lenawee County, and Danielle Gross, the FOIA coordinator for Lenawee County.

Two days later Plaintiff filed a motion for leave to file a second amended complaint (ECF No. 10), and a motion to submit a video exhibit to the Court (ECF No. 12). Both motions were granted on May 28, 2025.  (ECF No. 14.)  At this stage in the litigation, the operative pleading is Plaintiff's second amended complaint, at ECF No. 11.

Thereafter Plaintiff filed a series of "notices" and motions.  (*See* ECF Nos. 23, 27, 29, 30.)  The Court conducted a scheduling conference, on the record, on September 29, 2025, and discussed the pending motions along with the future progression of the case.

For these reasons state fully on the record, <u>which are hereby incorporated by reference as though fully restated herein</u>:

1. All parties agreed that resolution of this case will revolve almost exclusively around the videos of the underlying incidents. Additionally, as expressed in the Court's September 4, 2025 Text-Only Order, this case may implicate issues under *Heck v. Humphrey*, 512 U.S. 477 (1994) or any other abstention doctrine, including the *Younger* and *Rooker-Feldman* doctrines.  *See Younger v. Harris,* 401 U.S. 37 (1971)*; see also*

2

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Defendants indicated that they would be bringing early dispositive motions under Fed. R. Civ. P. 56 and/or Fed. R. Civ. P. 12. Defendants shall bring any such early dispositive motions by **Friday, December 5, 2025**. Because the abstention doctrines could impact the Court's jurisdiction, Defendants are specifically instructed to address the applicability of the doctrines in their dispositive motion(s), along with whatever other issues they intend to raise.

2. Plaintiff shall file his response to the Defendants' motion(s) by **Friday, January 16, 2026.** Any reply is due by **Friday, January 30, 2026.**

3. Until resolution of the forthcoming dispositive motion(s), this case is **HEREBY STAYED**, pending further order. Plaintiff is additionally specifically **DIRECTED** to cease filing "notices" on the docket of this case, other than any necessary notice of a change of address.

4. Plaintiff's motion for entry of default (ECF No. 23) is **DENIED**. As Plaintiff recognized on the record, the filing of the second amended complaint restarted the time to respond to Plaintiff's pleadings and all Defendants have now filed timely answers to the operative pleading.

5. Plaintiff's motion to permit early discovery (ECF No. 30) is **DENIED**. Not only is early discovery not warranted in this case, but the Court has issued a stay. Additionally, all parties agreed that discovery beyond the relevant videos was not necessary in this case.

6. On the record, Plaintiff also indicated that he was withdrawing any claims related to his FOIA request and those claims are **DEEMED WITHDRAWN.**

7. Finally, the parties are also advised of the following, which they are instructed to read carefully:

   I. All parties are required to adhere to Judge Patti's Practice Guidelines, which can be accessed at https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51.

   II. Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

   III. DISPOSITIVE MOTIONS.  In motions filed under Rule 56, the moving party shall serve and file: 1) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1.  The motion must begin with a "Statement of Material Facts" consisting of separately numbered paragraphs briefly describing the material facts underlying the motion, sufficient to support judgment.  Proffered facts must be supported with citations to the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. Citations should contain page and line references, as appropriate.[1]

---

[1] Examples of movant's separate material factual statements:

The full text of any source cited should be filed with the Court in a Fact Appendix.  The Fact Appendix shall contain an index, followed by the tabbed exhibits.  Chambers' copies of Fact Appendices of more than 20 pages must be separately bound and include a cover sheet identifying the motion to which they are appended.  All pages from the same deposition or document should be at the same tab.  The Statement of Material Facts counts against the page limit for the brief.  No separate narrative facts section shall be permitted.

Likewise, a party opposing a Rule 56 Motion shall serve and file:  1) any opposing affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1.  The response to a Rule 56 Motion must begin with a "Counter-statement of Material Facts" stating which facts are admitted and which are contested.  The paragraph numbering must correspond to moving party's Statement of Material Facts.  If any of the moving party's proffered facts are contested, the non-moving party must explain the basis for the factual disagreement, referencing and citing record evidence.[2] Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted. In similar form, the counter-statement may also include additional facts, disputed or undisputed, that require a denial of the motion.

---

1. Plaintiff Jones worked for ABC Corp. in an at-will position from 1999 until his termination in 2005. (DE 34-7 at 10.)

25. ABC Corp. Human Resources Director Smith testified that the only reason Jones was terminated was repeated tardiness. (DE 34-9 at 32.)

[2] Examples of non-movant's corresponding factual statements:

1. Plaintiff admits that he worked for ABC Corp. in an at-will position, but the commencement of employment was in 1997. (DE 34-7 at 12.)

25. Plaintiff admits that Human Resources Director Smith testified at page 5 that Jones was terminated for tardiness, however Smith also agreed that he said in an email to ABC Corp. Vice President Brown that Jones should "move out" since he was "getting along in years." (DE 34-9 at 14.)

>Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well-chosen cases, preferably recent and from controlling courts. Counsel are encouraged to supply the Court with copies of their main cases, with the relevant passages highlighted and tabbed. Where unpublished opinions or opinions published only in a specialty reporter are cited, copies of these cases must be submitted with the briefs.

IV.     ORAL ARGUMENT ON MOTIONS. Parties who do not respond to motions in a timely fashion may not be permitted to argue before the Court during oral argument.

V.     ADDITIONAL INFORMATION FOR PRO SE LITIGANTS.

     a.     There is a federal pro se legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine if you are eligible for assistance, you may contact the Federal Pro Se Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

     b.     Neither party is allowed to engage in *ex parte* communication with Judge Patti or his staff. This means that every time the parties engage with Judge Patti or his staff, it must be done by filing documents in the ECF system or by submitting the documents to the Clerk's Office. <u>Judge Patti will not accept letters or other documents that have not either been filed in the ECF system or submitted to the Clerk's Office</u>.

     c.     Along the same lines, parties should generally not call chambers, unless the other party is also on the line.

     d.     Parties should ONLY come to Judge Patti's chambers when there is a scheduled event. You will receive notice of scheduled events in the ECF system or through regular mail. Judge Patti will not hold unscheduled meetings or conferences.

  e. No one in the courthouse can provide you with legal advice, including Judge Patti, his staff, Clerk's Office staff, or another party's attorney.  If you need the assistance of an attorney, you must retain one on your own.

  f. You are required to follow the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules throughout the litigation process.  The rules, and additional help for *pro se* litigants, can be accessed online via https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe.

**IT IS SO ORDERED.**[3]

Dated: October 1, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).