UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BRENNAN,

Plaintiffs,

v.

Case No. 2:25-cv-11064

Honorable Anthony P. Patti

OFFICER THOMAS ANTON,
DEPUTY BORTON,
CHIEF DALE GREENLEAF,
DANIELLE GROSS,
VILLAGE OF BLISSFIELD, and
LENAWEE COUNTY,

Defendants.
_______________________________________/

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 44, 46)**

## A. Background

Thomas Brennan initiated this lawsuit in April 2025 *in pro per*. The operative pleading names six Defendants (Officer Thomas Anton, Deputy Borton, Chief Dale Greenleaf, Danielle Gross, Village of Blissfield, and Lenawee County) and sets forth factual allegations stemming from the events of April 9, 2025. (ECF No. 11, PageID.77-81.) Brennan brought eight causes of action via 42 U.S.C. § 1983 and a single cause of action based on Michigan's Freedom of Information Act, Mich. Comp. Laws § 15.231, *et seq*. (*Id*., PageID.81-88.)

Defendants have appeared via counsel (ECF Nos. 16, 20) and filed answers (ECF Nos. 17, 21, 22). Plaintiff voluntarily dismissed his FOIA-related claims (*i.e.*, Counts 6 and 7) in September 2025 (*see* ECF No. 40, PageID.493, ¶ 6); accordingly, Defendant Gross was dismissed from this case without prejudice (*see* Text-Only Order [Nov. 20, 2025]). (*See also* ECF No. 41.) Thus, only five Defendants and seven causes of action remain.

**B. Pending Motions**

The parties have consented to having me "conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings." (ECF No. 42; *see also* ECF No. 43.) Currently before the Court are Defendants Officer Anton, Chief Greenleaf, and Village of Blissfield's motion for summary judgment (ECF No. 44) and Defendants Borton and Lenawee County's motion for summary judgment (ECF No. 46).

On December 24, 2025, Plaintiff filed what has since been construed as a "motion for leave to resubmit exhibits" and a "response to Defendants' motion(s) for summary judgment" (ECF No. 50). (*See* Jan. 9, 2026 text-only order.) Defendants have filed their replies. (ECF Nos. 51, 53.) Thus, the motion is ready for decision.

On September 11, 2026, the Court conducted a remote motion hearing (*see* ECF No. 57), at which Plaintiff appeared on his own behalf, Attorney Holly S.

Battersby appeared for the Lenawee County Defendants and Attorney Kathleen Jozwiak appeared for the Village of Blissfield Defendants. At the conclusion of the hearing, the Court issued its ruling from the bench, granting Defendants' motions for summary judgment.

**C. Evidence**

The record contains multiple pieces of evidence, and the Court quickly outlines the most relevant ones here. On March 7, 2024, the County of Lenawee issued Jessica Brennan dog licenses for two black and white pit bull mixes, named Jaxson and Grace. (ECF No. 46-9 [Lenawee Exhibit H].) These licenses expired on December 31, 2024. (*Id.*)

On April 8, 2025, a resident phoned the Lenawee County Sheriff regarding the dogs having been on her property the day before. (ECF No. 44-2 [Blissfield Exhibit 1], 46-2 [Lenawee Exhibit A].) The record of this case includes videos of dogs running around a goat pen and dogs running around a field. (ECF Nos. 44-4, 44-5 [Blissfield Exhibits 3, 4]; ECF Nos. 46-5, 46-6 [Lenawee Exhibits D, E].)

On April 9, 2025 at approximately 10:51 a.m., Lenawee County Deputy Borton arrived at Brennan's home, and the parties have submitted video of the interaction with Brennan and the later-summoned back-up, Blissfield Police Officer Anton. (*See* ECF No. 46-7 [Lenawee Exhibit F, BWC Borton]; ECF No. 44-6 [Blissfield Exhibit 5, Anton BWC]; ECF No. 44-8 [Blissfield Exhibit 7,

Greenleaf BWC / Dash Camera].) There is a pause in this interaction around 10:59. (*Id.*) (*See also* Plaintiff's Exhibit A.) At approximately 11:08, Borton returned to Brennan's home and issued him citations – six misdemeanors. Anton was still in attendance. (*See* ECF No. 11, PageID.120-126 [Plaintiff's Exhibit G]; 46-3 [Lenawee Exhibit B]; ECF No. 46-11 [Lenawee Exhibit J].) Here, too, the parties have submitted the video of the interaction with Brennan. (ECF No. 46-8 [Lenawee Exhibit G, BWC Borton]; ECF No. 44-7 [Blissfield Exhibit 6, Anton BWC].) (*See also* Plaintiff's Exhibit B.) Deputy Borton completed a Lenawee County Sheriff's Case Report. (ECF No. 11, PageID.114-119 [Plaintiff's Exhibit E]; ECF No. 44-3 [Blissfield Exhibit 2].)

The following day, April 10, 2025, at approximately 16:33, Blissfield Police Department Officer Anton meets with residents near a field. (ECF No. 44-10 [Blissfield Exhibit 9, Anton Dash Camera].) Anton picks up the dogs around 17:14. (ECF No. 44-11 [Blissfield Exhibit 10, Anton interior camera].) At approximately 17:41, he arrives on the street of the Brennan home, speaks with the Brennans from his car, issues citations, and permits the Brennans to take their dogs. (ECF No. 44-12 [Blissfield Exhibit 11, Anton BWC].) (*See also* Plaintiff's Exhibit C.) Anton also completed a Blissfield Police Department CFS Report. (ECF No. 44-9 [Blissfield Exhibit 8].) The citations – four civil infractions and

two misdemeanors – were issued to Jessica Lynn Brennan, Plaintiff's then wife. (*Id*., PageID.578-579.)

Meanwhile, a case was initiated in state district court against Thomas Brennan, based on the April 9 incident. *See* Case No. 25-NS-01034 (2A Judicial District Court (Adrian, MI). (ECF No. 46-10 [Lenawee Exhibit I].) On September 4, 2025, a jury found Brennan guilty on each of six counts. (ECF No. 44-13 [Blissfield Exhibit 12]; ECF No. 46-4 [Lenawee Exhibit C]; ECF No. 50, PageID.993-1123 [Plaintiff's Exhibit D].)

**D. Order**

Upon consideration of the motion papers, the parties' arguments and representations at the hearing, the video evidence, consistent with *Scott v. Harris*, 550 U.S. 372 (2007), and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Defendants' motions for summary judgment (ECF Nos. 44, 46) are **GRANTED** and judgment will enter in favor of Defendants. To summarize:

- **Count I (42 U.S.C. § 1983 Fourth Amendment unlawful seizure and demand for identification):** "In view of the totality of the circumstances" and the unconvertable video evidence, there was no seizure. *O'Malley v. City of Flint*, 652 F.3d 662, 669 (6th Cir. 2011). Even if Brennan had been briefly detained, there was reasonable suspicion to detain (*see Terry v. Ohio*, 392 U.S. 1 (1968)),

and even if he had been "temporarily seized[,]" *O'Malley*, 652 F.3d at 670, there was probable cause to make an arrest, as is clear from the jury verdict and conviction. *See Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988) ("We hold that the pleas in state court made by defendants and the finding of guilt and imposition of fines by that court estop plaintiffs from now asserting in federal court that the defendant police officers acted without probable cause.") *See also Darrah v. City of Oak Park*, 255 F.3d 301, 310-311 (6th Cir. 2001); *Daubenmire v. Columbus*, 507 F.3d 383, 389-390 (6th Cir. 2007). Alternatively, Defendants Borton, Anton, and Greenleaf would be entitled to qualified immunity. *O'Malley*, 652 F.3d at 670. Accordingly, summary judgment is **GRANTED** as to Count I.

- **Count II (42 U.S.C. § 1983 First Amendment retaliation for protected speech and refusal to answer questions against Borton and Anton):** Plaintiff cannot show adverse action. *See Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999). As noted above, there was probable cause to charge and consequently arrest Plaintiff for several crimes. *See Nieves v. Bartlett*, 587 U.S. 391, 402-405 (2019) ("The plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest."). Even if Plaintiff met the three *Thaddeus-X* elements, Defendants have come forward with unrebutted evidence that Borton would have taken the same action in the absence of the alleged

protected conduct. *Id*. at 399. (*See, e.g.,* ECF No. 44-13, PageID.670-671.) Summary judgment is **GRANTED** as to Count II.

- **Count III (42 U.S.C. § 1983 Fourteenth Amendment Equal Protection ("Class-of-One" Claim):** This claim is based on alleged unequal treatment when comparing how Plaintiff was treated by combined law enforcement agencies on April 9, 2025 during their front door investigation of his dogs running loose, as compared with the manner in which his now ex-wife was treated the following day when their dogs were brought back to her solely by a village police officer; however, as explained at length from the bench, the situations and circumstances are not "nearly identical[,]" as Plaintiff argues (ECF No. 50, PageID.969), and, in any case, these encounters are not similar enough to serve as comparative evidence for purposes of establishing a "class-of-one" equal protection claim as Plaintiff proposes. Among several material differences identified by the Court, Plaintiff was asked for his identification and received six misdemeanor citations from a county officer who had had no prior dealings with him, while his then-wife received four civil infractions and two misdemeanors from a village officer who knew both spouses and their dogs from prior interactions. Moreover, the disparate behavior and interactions displayed by husband and wife, with law enforcement from different agencies, on different days, in different circumstances, render them

too dissimilar to serve as comparative evidence for purposes of establishing an equal protection violation. Summary judgment is **GRANTED** as to Count III.

- **Count IV (42 U.S.C. § 1983 Failure to Intervene against Greenleaf):** Consistent with Plaintiff's statements on the record at the hearing, the Court considers this claim conceded based on the above findings as to Plaintiff's First and Fourth Amendment claims (to the extent they were brought against Anton) and the fact that Greenleaf had no authority as to Deputy Borton; summary judgment is **GRANTED** as to Count IV.

- **Count V (42 U.S.C. § 1983 Supervisory Liability against Greenleaf):** Based on Plaintiff's concession at the hearing, summary judgment is **GRANTED** as to Count V.

- **Count VIII (42 U.S.C. § 1983 deliberate indifference):** Consistent with Plaintiff's statement on the record at the hearing, the Court considers this claim conceded based on the above findings as to Plaintiff's First and Fourth Amendment claims; summary judgment is **GRANTED** as to Count VIII.

- **Count IX (42 U.S.C. § 1983 *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)):** Consistent with Plaintiff's statement on the record at the hearing, the Court considers this claim withdrawn and conceded, and summary judgment is **GRANTED** as to Count IX.

**IT IS SO ORDERED.**

Dated: September 16, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE